UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH KEARNS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:04CV1226 TIA |
| | ) |
| TROY STEELE,[1] | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Joseph Kearns for a writ of habeas corpus under 28 U.S.C. § 2254. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Procedural History**

Petitioner, Joseph Kearns, is presently incarcerated at the Southeast Correctional Center located in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of Warren County, Missouri. On March 21, 2000, after a trial by jury, Petitioner was convicted of murder in the second degree and armed criminal action. State v. Kearns, 59 S.W.3d 51 (Mo. App. 2001); (Petition, p. 1) The court sentenced him to two concurrent life terms. Id.

Petitioner filed a direct appeal, and on October 23, 2001, the Missouri Court of Appeals affirmed the judgment. Id. On January 24, 2002, Petitioner filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15. (Resp. Exh. B, pp.

---

[1] This case was originally brought against Chuck Dwyer, who is no longer the Superintendent of the Southeast Correctional Center (SCC) where Petitioner is confined. Because Troy Steele is now the Superintendent of SCC, the caption will reflect his name as the proper party respondent. 28 U.S.C. § 2254, Rule 2(a).

4-12) The motion court denied Petitioner's request for post-conviction relief on December 12, 2002. (Resp. Exh. B, pp. 25-29) Thereafter, Petitioner appealed, and on October 2, 2003, the Missouri Court of Appeals issued its opinion and mandate affirming the lower court's denial of Petitioner's Rule 29.15 motion. (Resp. Exh. C) On September 8, 2004[2] Petitioner filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in federal court. Respondent filed his Response to Order to Show Cause on January 13, 2005, and Petitioner subsequently filed a Traverse on May 10, 2005.

**Discussion**

Respondent contends that the petition should be dismissed as untimely because Petitioner failed to file it within one year of the conviction becoming final under 28 U.S.C. § 2244(d)(1)(A). Respondent asserts that Petitioner's appeal was final fifteen days after the Missouri Court of Appeals affirmed the conviction, or on November 7, 2001. According to Respondent, Petitioner mailed the present petition on September 7, 2004, well after the one year limitation period. Respondent further contends that, even if the limitations period was tolled while his post-conviction motion was pending, the petition is still untimely. Petitioner asserts, however, that his Petition is timely within the meaning of 28 U.S.C. § 2244.

The undersigned agrees with Petitioner that he timely filed the petition and that Respondent must address the merits of Petitioner's claims. 28 U.S.C. § 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[2] Petitioner signed his Petition on August 20, 2004, but the envelope is postmarked September 7, 2004. (Petition, Attachment #2)

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1)(A). Under Eighth Circuit Court of Appeals precedent, the statute of limitations is triggered by either:

> "(i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."

Pierson v. Dormire, 484 F.3d 486, 493-494 (8th Cir. 2007) (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). The Eighth Circuit recently held that "a Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not filed a motion for transfer to the Missouri Supreme Court." Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir. 2007).

In addition, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Such state post-conviction motion tolls the statute of limitations until the Missouri Court of Appeals issues its Mandate. Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir. 2007).

In the instant case, the Missouri Court of Appeals affirmed the judgment on October 23, 2001. State v. Kearns, 59 S.W.3d 51 (Mo. App. 2001) Petitioner had ninety days thereafter in which to file a petition for a writ of certiorari with the United States Supreme Court. Petitioner did not seek certiorari in this cause, thus direct review concluded on January 21, 2002. Petitioner

properly filed his post-conviction motion on January 24, 2002, thereby tolling the limitations period until the Missouri Court of Appeals issued its Mandate on October 2, 2003. Petitioner then had 362 days in which to file his federal habeas petition, or until September 28, 2004. See generally, Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir. 2007) (applying similar calculations to determine the timeliness of the petition). The petition is postmarked on September 7, 2004, within the limitations period. See Sulik v. Taney County, Missouri, 316 F.3d 813, 814 (8th Cir. 2003) (relying on postmark date as date deposited in prison mail system). Thus, Petitioner timely filed his habeas petition. Because Respondent declined to address the merits in the Response to Order to Show Cause and failed to respond to the argument contained in Petitioner's Traverse, the undersigned will direct the Respondent to submit an additional response along with all necessary exhibits.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent Show Cause why a Writ of Habeas Corpus should not be granted within twenty (20) days of the date of this Order. No extensions of time will be allowed.

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of June, 2007.