UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH KEARNS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:04CV1226 TIA |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Leave to Amend Petitioner's Petition for Writ of Habeas Corpus and Intent to File Traverse. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Petitioner filed a Petition for a Writ of Habeas Corpus on September 8, 2004, alleging that he was denied effective assistance of trial counsel in that counsel failed to offer jury instructions on the defense of property. Respondent filed a response, averring that the petition was untimely. On June 13, 2007, this Court determined that the petition was timely filed and ordered the Respondent to show cause why the writ should not be granted. On June 27, 2007, Petitioner filed the instant motion for leave to amend the petition, asserting that the additional claims "relate back" to his original petition.

"In order for the claims in an amended motion to relate back, the [United States Supreme] Court held that they must be of the same 'time and type' of those in the original motion, such that they arise from the same core set of operative facts." United States v. Hernandez, 436 F.3d 851, 857 (8th Cir. 2006) (quoting Mayle v. Felix, 545 U.S. 644, 648 (2005)). Specifically, the activities in question must be "tied to a 'common core of operative facts' that would make relation back proper."

Id. at 858 (citation omitted). In Hernandez, the petitioner argued that the trial was the transaction or occurrence that satisfied this rule. The Eighth Circuit Court of Appeals disagreed, finding that a claim of ineffective assistance of counsel on cross-examination did not relate back to his original ineffective assistance of counsel claims. Id.

The undersigned finds that Petitioner's claims do not relate back to his original petition. Petitioner seeks to add 5 new claims, which include:

> 1. Ineffective assistance of counsel for erroneously advising Petitioner that if he testified, any felony conviction older than 25 years could not be used against him or raised in any way;
>
> 2. Ineffective assistance of counsel for failing to introduce exculpatory statements to non-law enforcement persons which would have established that Petitioner claimed self-defense or defense of another;
>
> 3. Trial court abuse of discretion in overruling defense counsel's objections to the State's closing argument;
>
> 4. Trial court error in overruling defense counsel's objection to the prosecution's cross-examination of Petitioner and in admitting the testimony of Everett Daniels; and
>
> 5. Trial court abuse of discretion in sustaining the prosecution's objections to defense counsel's voir dire.

As previously stated, Petitioner's original petition contained only one claim relating to ineffective assistance of counsel in submitting jury instructions. While Petitioner's first two claims in the proposed amended petition allege ineffective assistance of counsel, they are not of the same "time and type" as required by law. Petitioner's original ineffective assistance of counsel claim arose during the jury instruction portion of the trial. His new claims relate to instances of alleged ineffectiveness before the trial and during the defense's case. Further, the three claims of trial court error are not of the same "time and type" as that in the original petition, "such that it arises from the same core set

of operative facts." Williams v. United States, No. 4:04-CV-001 CAS, 2007 WL 1018601, at *21 (E.D. Mo. March 29, 2007) (citations omitted). Nothing in the original petition suggests that Petitioner was also asserting trial court error.

Petitioner alleges that he was a privileged occupant on property and was exempt from the duty to retreat. He further claims that the State highlighted such a duty to retreat in cross-examining the Petitioner and that the submission of a defense of property instruction would have neutralized the State's cross-examination and produced a different outcome. None of the new claims contained in the proposed amended petition are similar enough to satisfy the "time and type" test, nor do they arise out of the same operative facts regarding a jury instruction on defense of property. In short, the facts alleged in the original Petition would not put the opposition on notice that the claims raised in the proposed amended petition were at issue. Hernandez, 436 F.3d at 858. Therefore, the Court will deny Petitioner's Motion for Leave to Amend, as the claims contained therein do not relate back to the original petition and are untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Amend Petitioner's Petition for Writ of Habeas Corpus [Doc. 21] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall file a Traverse in reply to the Response to Order to Show Cause no later than September 17, 2007.

                                                        /s/ Terry I. Adelman  
                                       UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of August, 2007.