UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH KEARNS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:04CV1226 TIA |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Joseph Kearns for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### Procedural History

Petitioner, Joseph Kearns, is presently incarcerated at the Southeast Correctional Center located in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of Warren County, Missouri. On March 20, 2000, after a trial by jury, Petitioner was convicted of one count of murder in the second degree and one count of armed criminal action. State v. Kearns, 59 S.W.3d 51 (Mo. App. 2001); (Resp. Exh. B, p. 25) On May 3, 2000, the court sentenced him to concurrent prison terms of life imprisonment. Id.

Petitioner filed a direct appeal, and on October 23, 2001, the Missouri Court of Appeals affirmed the judgment. State v. Kearns, 59 S.W.3d 51 (Mo. App. 2001). On January 24, 2002, Petitioner filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15. (Resp. Exh. B, pp. 4-11) He filed an amended motion on May 2, 2002. (Resp. Exh. B, pp. 13-24) On December 12, 2002, the motion court denied Petitioner's

motion for post-conviction relief. (Resp. Exh. B, pp. 25-29) The Missouri Court of Appeals affirmed the motion court's judgment on September 9, 2003. Kearns v. State, 114 S.W.3d 440 (Mo. App. 2003); (Resp. Exh. C) On September 8, 2004, Petitioner filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in federal court. After the Court ordered an additional response, Respondent filed his Response to Order to Show Cause on July 3, 2007. Petitioner filed a Traverse on September 24, 2007.

## **Petitioner's Claim**

In his Petition, Mr. Kearns raises only one ground for federal habeas relief. He asserts that he received ineffective assistance of counsel because trial counsel failed to offer jury instructions on defense of property and a modification of the state's verdict directions. Specifically, Petitioner argues that he was a privileged occupant on the property and was exempt from a duty to retreat. He claims that, but for counsel's failure to offer such an instruction on defense of property, the outcome of the trial would have been different. Respondent, on the other hand, maintains that Petitioner is unable to demonstrate that counsel's performance was deficient and that such performance resulted in prejudice to the Petitioner under Strickland v. Washington, 466 U.S. 668, 687 (1984).

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a State court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C.

§ 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

With regard to the legal conclusions, this Court may not grant habeas relief on a claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). The "unreasonable application" clause provides that "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411. Where a Petitioner alleges ineffective assistance of counsel, a court " will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999).

In the instant case, Petitioner asserts that trial counsel was ineffective for failing to offer jury instructions on defense of property and a modification of the verdict directions. The motion court

3

addressed this issue and found:

> The Court finds that, after a complete reading and review of the trial transcript and the file, no basis exists for offering a jury instruction and modification of the state's verdict directions on the issue of defense of property. There was no competent evidence whatsoever that would support such an instruction or modification, and the trial court would not have granted the same.
>
> The Court concludes there is no reasonable probability that, but for trial court's failure to offer and submit a defense of property instruction and modification of the verdict directions, the outcome of the case would have been different and, therefore, there is no evidence that trial counsel was ineffective.
>
> …
>
> The Movant admitted the killing witnessed by several people who testified on behalf of the State, most of whom were friends of both the Movant and the victim. The overwhelming evidence is in support of the verdict.

(Resp. Exh. B, p. 29)

To establish ineffective assistance of counsel petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, Petitioner "must show that his counsel 'made errors so serious that counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment.'" Osborne v. Purkett, 411, F.3d 911, 918 (8th Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). Courts will presume that the attorney's performance falls within the broad range of reasonable and professional assistance of counsel, as courts do not "'second-guess strategic decisions or exploit the benefits of hindsight.'" Id. (quoting Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997)) (citation omitted). The prejudice prong requires that petitioner must prove that *but for*

4

counsel's deficiency, the result of his trial would have been different. Id. at 694. Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed *de novo*, and state court findings of fact are presumed to be correct under 28 U.S.C. § 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

In the instant case, petitioner is unable to show that trial counsel's performance was deficient or that Petitioner was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984). As stated above, the motion court found that the record was void of any evidence supporting an instruction on defense of property or such a modification of the verdict director. (Resp. Exh. B, p. 29) The Missouri Court of Appeals summarily affirmed the judgment for the reasons set forth in the motion court's judgment. Kearns v. State, 114 S.W.3d 440 (Mo. App. 2003).

Review of the record demonstrates that the state court, in applying Strickland, determined there was no reasonable probability that the outcome of the trial would have been different if counsel had offered and submitted a defense of property instruction and modification of the verdict directions. (Resp. Exh. B, p. 29) Further, the the Missouri Court of Appeals found on direct appeal:

> [T]here was ample evidence to support that Defendant shot Mike LeBeau ("Victim") and that he was not acting in self-defense or defense of another. First, Defendant testified that he shot Victim. Second, the state presented sufficient evidence that Defendant was not acting in self-defense or defense of another in that there was no evidence that Defendant's use of deadly force was necessary to protect himself or Ed Garrett, the other person involved. *See* MAI-CR3d 306.06, 306.08 (1999).
>
> Garrett testified that Defendant and Victim had fought earlier in the day, but that both had gone their separate ways. Nevertheless, Defendant went back to his house, retrieved the shotgun, and returned to Garrett's house. Victim arrived at the house and proceeded to get in a fight with Garrett. Garrett testified that he did not sustain serious injuries in the fight and was not bleeding. Further, he testified that

5

> Victim did not have a gun or knife on his person.
>
> A neighbor testified that she saw Defendant walk from a nearby mobile home toward the scene with a gun in his hands. She testified that as soon as Defendant arrived at the spot where Victim and Garrett were fighting, Defendant shot Victim at close range. Another witness testified that she was successful in stopping the fight between Garrett and Victim, and, at the moment that Defendant came upon the scene, the parties were no longer fighting.
>
> Defendant testified that Victim did not have a weapon at the time of the incidents and Garrett did not appear to be bleeding or have any visible injuries. Defendant testified that Victim reached for the gun that was pointed at him, but stated that Victim never actually grasped it. Finally, he conceded that he was the only person present at the event who testified that Victim had resumed hitting Garrett before the shot was fired.[1]

(State v. Kearns, No. ED77930, Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25(b), pp. 5-6)

The undersigned finds that the state court's findings of fact are presumed to be correct under 28 U.S.C. § 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995). As stated above, Petitioner fought with the victim earlier in the day, then later retrieved a gun from his house. (Transcript, pp. 143-146) Petitioner then went to his friend's house, where the victim later showed up to talk to Petitioner. Petitioner's friend, Ed Garrett, attempted to convince the victim to leave, resulting in a fight during which time the victim had Ed Garrett pinned to the ground. (Transcript, pp. 146-150) Ed then heard a muffled pop and realized that Petitioner shot the victim. (Transcript, pp. 150-151) Further, as stated by the Missouri Court of Appeals, a neighbor saw Petitioner walk up to where the

---

[1] While Respondent maintains that he lettered the Exhibits A-I and relies on those letters in his response, the undersigned notes that none of the Exhibits, other than those relating to the original Response to Show Cause Order, have been properly marked as Exhibits. The Court will therefore list such exhibits by title.

victim and Ed Garrett were fighting and shot the victim. (Transcript, pp. 183-185) Ed Garrett's wife provided similar testimony, noting that the victim and Ed Garrett were no longer fighting, and Petitioner shot the victim while he was still on top of Mr. Garrett. (Transcript, pp. 202-205)

This recitation of the facts demonstrates that there was no evidence that Petitioner acted in defense of self, others, or property. Although Petitioner argues in his Traverse that Mr. Garrett asked the victim to leave his house several times, Mr. Garrett also testified that the victim did not have a weapon and that he never felt as though the victim was going to kill him. (Transcript, pp. 147-151) Further, despite Mrs. Garrett's testimony that the Petitioner "kind of lived with us so he always had clothes," Petitioner fails to present any evidence indicating that he resided at the Garrett home. (Transcript, p. 199) In addition, although Mrs. Garrett stated that her husband continuously asked the victim to leave, she also testified that she was never afraid that the victim would kill her husband. (Transcript, pp. 213-216)

With regard to defense of persons, "[a] person may not use deadly force upon another person under the circumstances specified in subsection 1 of this section unless he reasonably believes that such deadly force is necessary to protect himself or another against death, serious physical injury, rape, sodomy or kidnapping . . ." Mo. Rev. Stat. § 563.031.2 (2000). Such was not the case here, as Mr. Garrett testified that he had only a little swelling from the altercation and no blood. (Transcript, pp. 149-150) Further, Missouri law allows the use of physical force in defense of property only where a person "reasonably believes it necessary to prevent what he reasonably believes to be the commission or attempted commission by such person of stealing, property damage or tampering in any degree. A person may use deadly force under circumstances described in subsection 1 only when such use of deadly force is authorized under other sections of this chapter." Mo. Rev.

7

Stat. §§ 563.041.1 and 563.041.2 (2000); see also Stiers v. State, 229 S.W.3d 257, 261 (Mo. App. 2007) (use of force in defense of property is limited to non-deadly force unless a statute authorizes the use of deadly force).

Here, the use of deadly force was not required or authorized by statute. Therefore, Petitioner's counsel would have no reason to request an instruction on defense of property or a modification of the verdict director. The Court thus finds that the state court did not unreasonably apply Strickland in finding that counsel's performance was not deficient and that Petitioner was not prejudiced. See Carroll v. Schriro, 243 F.3d 1097, 1103 (8th Cir. 2001) (finding that state court did not unreasonably apply Strickland where there was ample evidence against the defendant and an optional paragraph in the instructions would not have changed the outcome). In addition, contrary to Petitioner's assertion in his Traverse, he is not entitled to an evidentiary hearing. Osborne v. Purkett, 411 F.3d 911, 915 (8th Cir. 2005). Petitioner's claim of ineffective assistance of counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Joseph Kearns for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

           /s/ Terry I. Adelman
    UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of September, 2007.